UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                            Case No. 22-46605

CARMEN KNIGHT,                          Chapter 7

         Debtor.                                    Judge Thomas J. Tucker
_____/

## ORDER DENYING TRUSTEE'S MOTION
## FOR APPROVAL OF AGREEMENT REGARDING AUTO ACCIDENT CLAIM

       This case is before the Court on a motion filed by the Chapter 7 Trustee, entitled "Chapter 7 Trustee's Motion for Entry of Order Approving Agreement of Debtor and Trustee Regarding Settlement of Auto Accident Claim" (Docket # 49, the "Motion"). No timely objections to the Motion were filed, and on May 23, 2023 the Trustee filed a certificate of no response. In an order entered on May 24, 2023, the Court expressed several concerns and questions about the Motion, and ordered the Trustee to file a supplement to the Motion, to address the Court's concerns. (Order, filed May 24, 2023 (Docket # 52) (the "May 24 Order"). The Trustee filed her supplement to the Motion on June 7, 2023 (Docket # 55, the "Supplement"), and the Court has reviewed it.

       The Court will deny the Motion. The Court concludes that the relief sought in the Motion is not in the best interests of the bankruptcy estate and its creditors, and that the settlement proposed by the Motion is not reasonable. The Court reaches these conclusions because of all the concerns and questions expressed in the Court's May 24 Order. The Court incorporates the May 24 Order into this Order by reference.

       Neither the Motion nor the Trustee's Supplement adequately answer any of the Court's concerns or questions. There is no reason apparent to the Court why the Trustee and the Debtor cannot settle the Trustee's possible objections to the Debtor's claimed exemptions relating to the "Accident Claim" at issue, on the same economic terms as those stated in ¶¶ 10(B) and 10(C) of the Motion, but under which settlement the Trustee retains control of the prosecution and possible settlement of the Accident Claim, subject to the Debtor's right to object to any possible settlement of the Accident Claim that the Trustee may in the future propose. Under that scenario, there is no apparent reason why the Trustee could not, if she wanted to, retain the Debtor's current chosen counsel as special counsel, on the same one-third contingent fee arrangement as the Debtor made with that attorney, to prosecute the Accident Claim in the pending state court action. *See generally* 11 U.S.C. §§ 327(e), 328(a).

       The Trustee's Supplement suggests that the agreement proposed by the Motion is not unlike a sale of the bankruptcy estate's interest in the Accident Claim to the Debtor. *See* Supplement at 3, n.2. But the Court rejects that suggestion. The Motion does not propose to sell

any property of the bankruptcy estate.

The Trustee's Supplement also alleges that the settlement proposed by the Motion would provide the following advantage: according to the Trustee, the "trier of fact" in the state court lawsuit "will generally be more sympathetic and generous in an award to the person injured than the trustee who is often seen as a figure-head government official." Supplement at 6. This is an alleged benefit of "keeping Debtor as the plaintiff in the state court lawsuit."

The Court finds this argument unpersuasive. Whether the named plaintiff in the state court lawsuit is the Debtor, or the Trustee, or both the Debtor and the Trustee (which seems most likely), the trier of fact can and will be informed who the real parties in interest are with respect to the Accident Claim — *i.e.*, both the Debtor and the Trustee — and how each such party stands to gain if the Accident Claim succeeds. The trier of fact will not be any less sympathetic and generous for the Debtor, who will have a significant financial stake in the outcome of the lawsuit because of the Debtor's exemptions, just because the Debtor's bankruptcy estate and therefore the Debtor's creditors also have a financial stake in the outcome.

For these reasons, the Court will deny the Motion.

Accordingly,

IT IS ORDERED that the Motion (Docket # 49) is denied.

**Signed on June 20, 2023**



/s/ Thomas J. Tucker

**Thomas J. Tucker**
**United States Bankruptcy Judge**

2